Wayne ZALOGA; Tom Maliszewski,
Plaintiffs,

v.

Al RUGGIERO, President; Local 1109,
Communications Workers of America,
AFL–CIO, Defendants.

No. 81 C 3996.

United States District Court,
E. D. New York.

Jan. 6, 1982.

Gladstein & Reif, Brooklyn, N.Y. (Amy Gladstein, Brooklyn, N.Y., of counsel), for plaintiffs.

Levin & Weissman, P. C., New York City (Roger M. Levin, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs, employees of New York Telephone Company and members of defendant Local 1109, Communications Workers of America, AFL–CIO (Local 1109), brought this action for an order requiring Local 1109 and its president, defendant Ruggiero, to make available for examination and copying the books and records of Local 1109 for the years 1975 through 1980. Plaintiffs have moved for a preliminary injunction seeking the same relief. Defendants have cross-moved to (1) dismiss the complaint, (2) stay plaintiffs from proceeding with the action because they allegedly have failed to exhaust purported intra-union remedies, and (3) extend the time of defendants to answer.

■ The court finds, based on the undisputed facts, that the plaintiffs have shown "just cause", within the meaning of 29 U.S.C. § 431(c), to examine the books and records. *See Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley*, 378 F.2d 738, 744 (9th Cir. 1967). Defendants' papers appear to proceed on the assumption that the union is the private preserve of the incumbent officers. It is not. The union as an institution belongs to the members.

Those members have an interest in being informed as to the manner in which the officers have conducted union affairs.

■ Defendants' argument is frivolous that the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, deprives this court of jurisdiction. Such a contention cannot have been seriously asserted and hardly inspires confidence in the attorneys advancing it or in the good faith of the defendants in opposing disclosure of their activities. Under 29 U.S.C. § 431(c) this court is expressly given power to enforce the defendants' duty to make the records available.

Defendants' contentions based on 29 U.S.C. § 107 and the New York Labor Law are equally frivolous.

Defendants urge that plaintiffs should be required to exhaust their so-called internal union remedies and cite 29 U.S.C. § 411(a)(4), which provides in pertinent part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, ... Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal ... proceedings against such organizations or any officer thereof.

Defendants' attorneys have written a misleading letter to the court stating that plaintiffs agree that the section applies in this action. This is contrary to plaintiffs' position. They urge that the suit may be brought even if union procedures have not been utilized. But assuming the section is pertinent, exhaustion need not be required.

■ As the Court of Appeals pointed out in *Detroy v. American Guild of Variety Artists*, 286 F.2d 75, 78 (2d Cir.), *cert. denied*, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961), Section 411(a)(4) "provides that any member of a labor organization 'may be required' to exhaust the internal union remedies, not that he 'must' or 'is required to' exhaust them." Here there is no good reason for requiring plaintiffs to apply to the union hierarchy for permission to see the records. A new election for officers of the union is pending. Plaintiffs and the members of the union will suffer irreparable harm if the incumbents are permitted to prevent disclosure of the financial records before the election. No harm can come to defendants by disclosure of those records.

■ Defendants contend that even if they must make some records available, an unspecified two-year New York Statute of Limitations bars review of documents older than two years. However, plaintiffs do not seek by this action to impose liability for any alleged financial misdeeds. They merely pursue a statutory right of access to "any books, records, and accounts necessary to verify" the reports that the Union has to file annually with the Secretary of Labor. 29 U.S.C. § 431(c). A period of limitations has no bearing on such a request. The right of access is limited only by 29 U.S.C. § 436, which does not require union officials to retain data necessary to verify more than the five preceding annual reports. Clearly this section implies that union members may examine the records for at least those years. Plaintiffs here ask for no more.

Since there is no doubt plaintiffs will succeed in the action, their motion for a preliminary injunction is granted. Defendants are ordered to make available forthwith the books, accounts and records of Local 1109 for the years 1975 through 1980 for examination by plaintiffs and an accountant and for copying. Defendants' motion to extend their time to answer is moot since they filed an answer on December 30, 1981. Otherwise defendants' motion is in all respects denied. So ordered.